## RICHARD P. TRAVERS
## v.
## AARON F. LEOPOLD.

*Bill to Compel Assignment of Stock—Questions of Fact—Conflict of Evidence.*

Upon a bill filed to compel the assignment and delivery by the defendant to the complainant of certain shares of the capital stock of the corporation, alleged to have been pledged as security for a loan, but which the defendant claims to have purchased, this court declines to interfere with the decree dismissing the bill, no questions of law being presented and there being a sharp conflict of evidence.

[Opinion filed January 18, 1888.]

APPEAL from the Superior Court of Cook County; the Hon. EGBERT JAMISON, Judge, presiding.

Messrs. SMITH & PENCE and W. W. EVANS, for appellant.

Messrs. MOSES & NEWMAN, for appellee.

BAILEY, J. This was a bill in chancery, brought by Richard P. Travers against Aaron F. Leopold, to compel the assignment and delivery, by the defendant to the complainant, of 300

Travers v. Leopold.

shares of the capital stock of the Republic Iron Company of Michigan, of the par value of $30,000. The complainant alleges that in March, 1885, he pledged said stock to the defendant as security for a loan of $8,400, the defendant agreeing not to call upon the complainant for a repayment of said loan for a period of sixty days, but that after that period the complainant was to repay said loan when requested by the defendant, with interest at the rate of six per cent. per annum, the defendant to retain one-half of all dividends which should be paid on said stock, and be also paid one-half of the increase in the value of the stock from the date of said pledge to the date of the repayment of the loan; that the defendant had not requested the payment of said loan, but that on the 3d day of December, 1885, the complainant tendered to the defendant the amount due him under said agreement, but that the defendant refused to return him said stock and pay him one-half of the dividends received thereon, or to allow him to redeem said stock.

The defendant by his answer denies that said transaction was a loan or a pledge of said stock, and alleges that he purchased said stock absolutely and without condition and paid the complainant therefor the sum of $8,400, that being at the time its full market value. The cause was heard on pleadings and proofs, and a decree rendered dismissing the bill for want of equity.

The record presents no questions of law, but mere questions of fact, which are controverted and upon which the evidence is sharply conflicting. We have given the evidence careful consideration and are unable to say that the chancellor, who rendered the decree and who saw and heard the witnesses, was not warranted in the conclusion to which he arrived. It would serve no useful purpose for us to go into an analysis of the evidence, and we therefore dispose of the case by merely saying that we see no grounds for disturbing the decree.

*Decree affirmed.*